**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
10/06/2025
CT Log Number 550316528

## Service of Process Transmittal Summary

**TO:**   Tom Le
Experian
475 ANTON BLVD BLDG D
COSTA MESA, CA 92626-7037

**RE:**   **Process Served in South Carolina**

**FOR:**   Experian Information Solutions, Inc.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NYDIA IVETTE DEPAZ vs. EXPERIAN INFORMATION SOLUTIONS, INC. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Richland County - Court of Common Pleas, SC<br>Case # 2025CP4006787 |
| **NATURE OF ACTION:** | Negligent Violations of the Fair Credit Reporting Act |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/06/2025 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service hereof, exclusive of the date of such service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David A. Maxfield<br>DAVE MAXFIELD, ATTORNEY, LLC<br>SOCO 80808 Building<br>808 D Lady Street<br>P.O. Box 11865<br>Columbia, SC 29201<br>803-509-6800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2025, Expected Purge Date: 10/13/2025<br><br>Image SOP<br><br>Email Notification,  April Williams  april.williams@experian.com<br><br>Email Notification,  Francesca Di Iorio  francesca.diiorio@experian.com<br><br>Email Notification,  Tom Le  marina.velardi@experian.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
10/06/2025
CT Log Number 550316528

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**CERTIFIED MAIL** ™

FIRST-CLASS MAIL
U.S. POSTAGE AND
FEES PAID
LETTERSTREAM

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

USPS CERTIFIED MAIL

9214 8901 4298 0428 9315 67

0012565449000011
VIA CERTIFIED MAIL
CT Corporation System
2 Office Park Court Ste. 103
Columbia SC 29223

2922385948 C008



**dave**maxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Web: consumerlawsc.com

Mailing Address:        Physical Address:
P.O. Box 11865       SOCO 80808 Building
Columbia, SC 29211      808 D Lady Street
Columbia, SC 29201

*Member, National Association of Consumer Advocates*
*Member, Public Investors Arbitration Bar Association*

October 2, 2025

**VIA CERTIFIED MAIL**
CT Corporation System
2 Office Park Court Ste. 103
Columbia, SC 29223

RE:   Nydia Ivette Depaz v. Experian Information Solutions, Inc., Equifax Information
      Services, LLC and Trans Union LLC
      Case No. 2025-CP-40-06787

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Experian Information Solutions,
Inc.**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

AD1256544.1.3-10

ELECTRONICALLY FILED - 2025 Oct 01 10:19 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006787

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

NYDIA IVETTE DEPAZ,

Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC,

Defendants.

IN THE COURT OF COMMON PLEAS

FIFTH JUDICIAL CIRCUIT

Case No.

**SUMMONS**

TO:     THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint.  If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: October 1, 2025

ELECTRONICALLY FILED - 2025 Oct 01 10:19 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006787

AD12565449.1.4-10

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

NYDIA IVETTE DEPAZ,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES, LLC,
and TRANS UNION LLC,

    Defendants.

IN THE COURT OF COMMON PLEAS

FIFTH JUDICIAL CIRCUIT

**COMPLAINT**

(Jury Trial Requested)

NOW COMES Plaintiff, Nydia Ivette DePaz ("Plaintiff"), by and through undersigned counsel, and respectfully alleges as follows:

## PARTIES

1. Plaintiff is an individual who at all times relevant to this action has been a resident of Richland County, South Carolina.

2. Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.

3. Equifax Information Services, LLC is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Georgia.

4. Trans Union, LLC ("Trans Union") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to S.C. Code Ann. § 14-8-10 et seq.

ELECTRONICALLY FILED - 2025 Oct 01 10:19 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006787

6. Venue is proper in this Court pursuant to S.C. Code Ann. § 15-7-30 because Plaintiff resides in Richland County, South Carolina, and the damages complained of were suffered by Plaintiff in Richland County, South Carolina.

## FACTS

**Background**

7. In April 2024, Plaintiff legitimately opened a Lowe's Synchrony Bank credit card account, used it once in May 2024, and paid it off.

8. In December 2024, Plaintiff began receiving emails from Lowe's Synchrony indicating that a new card was issued and sent to another address without her request or authorization.

9. Plaintiff also received emails from Synchrony concerning accounts that she did not open, including a Synchrony Mattress Firm account.

10. Upon checking her credit reports, Plaintiff discovered multiple fraudulent accounts and inquiries that she had never authorized, including:

   a. Credit One Bank account (partial account number 379363042198536) opened January 2025 with a balance of $902.00;

   b. REVVI/MRV BANKS/VT account (partial account number 426498041471) opened April 2025 with a balance of $302.00;

   c. Fraudulent charges totaling $2,414.00 on her legitimate Synchrony Bank Lowe's account.

11. Plaintiff's credit reports also contained incorrect personal information that she had never provided, including:

   a. A false address at 1753 Haviland Circle, Columbia, SC 29210, where she has never lived;

   b. An unrecognized phone number (803-915-3746);

   c. Various misspellings and incorrect variations of her name.

AD12565449.1.5-10

ELECTRONICALLY FILED - 2025 Oct 01 10:19 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006787

12. Plaintiff discovered multiple unauthorized credit inquiries made in her name by various companies.

13. The total fraudulent charges documented by Plaintiff amount to at least $3,547.00.

**Plaintiff's Dispute Efforts**

14. On or about July 2, 2025, Plaintiff submitted comprehensive dispute letters to all three Defendants, identifying herself as a victim of identity theft and providing copies of her police report and/or identity theft affidavit along with proof of her identity.

15. In her dispute letters, Plaintiff specifically requested that Defendants block and remove the fraudulent accounts and inquiries, and correct the inaccurate personal information appearing on her credit reports.

16. Plaintiff provided detailed documentation supporting her identity theft claims, including Federal Trade Commission Identity Theft Reports with specific fraud dates and amounts.

**Defendants' Inadequate Responses**

17. Despite receiving proper documentation of identity theft, Defendants failed to conduct reasonable investigations of Plaintiff's disputes.

18. TransUnion declined Plaintiff's fraud block request for the Synchrony Lowe's account, claiming the account reflected "a history of previous payments made" or was "opened prior to when the fraud was reported to have occurred."

19. Defendants failed to remove or correct the fraudulent accounts and inaccurate personal information from Plaintiff's credit reports within reasonable timeframes.

20. Defendants continued to report the disputed fraudulent information during the pendency of their investigations.

21. Defendants failed to provide adequate notices regarding their investigation procedures and results as required by the FCRA.

**Damages**

22. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and continues to suffer concrete and particularized actual damages, including but not limited

to:

a. Damage to her credit score and creditworthiness;

b. Inability to obtain credit on favorable terms;

c. Time and effort required to address the ongoing credit reporting errors;

d. Emotional distress, anxiety, and frustration;

e. Out-of-pocket expenses related to disputing the inaccurate information.

### FIRST CAUSE OF ACTION

**Negligent Violations of the Fair Credit Reporting Act**

**15 U.S.C. §§ 1681i, 1681c-2, and 1681e(b)**

**(Against All Defendants)**

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Defendants owed Plaintiff duties under the Fair Credit Reporting Act, including but not limited to:

a. The duty to conduct reasonable reinvestigations upon receipt of disputes pursuant to 15 U.S.C. § 1681i;

b. The duty to block information resulting from identity theft pursuant to 15 U.S.C. § 1681c-2;

c. The duty to follow reasonable procedures to assure maximum possible accuracy pursuant to 15 U.S.C. § 1681e(b).

25. Defendants negligently failed to comply with their FCRA obligations by:

a. Failing to conduct reasonable reinvestigations of Plaintiff's properly documented identity theft disputes;

b. Declining to block fraudulent account information despite receiving proper identity theft reports;

c. Continuing to report disputed fraudulent information during investigations;

d. Maintaining obviously inaccurate personal information including false addresses and phone numbers;

ELECTRONICALLY FILED - 2025 Oct 01 10:19 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006787

AD12565449.1.7-10

e. Failing to remove inaccurate information within reasonable timeframes;

f. Failing to provide adequate notices regarding investigation procedures and results.

26. As a direct and proximate result of Defendants' negligent violations, Plaintiff has suffered actual damages and is entitled to recovery pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

### Willful Violations of the Fair Credit Reporting Act

### 15 U.S.C. §§ 1681i, 1681c-2, and 1681e(b)

### (Against All Defendants)

27. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

28. In the alternative to the First Cause of Action, Defendants willfully violated their duties under the Fair Credit Reporting Act.

29. Defendants' violations were willful because they acted with reckless disregard for their FCRA obligations and/or with conscious avoidance of their statutory duties, including:

a. Declining to block obviously fraudulent accounts despite receiving proper identity theft documentation and clear evidence of fraud;

b. Continuing to report patently inaccurate personal information that Plaintiff had never provided;

c. Failing to conduct reasonable investigations despite overwhelming evidence of identity theft;

d. Consciously choosing to maintain demonstrably false information on Plaintiff's credit reports.

30. Defendants knew or should have known that their conduct violated the FCRA, particularly given the clear pattern of identity theft evidenced by multiple fraudulent accounts, false addresses, and comprehensive identity theft documentation provided by Plaintiff.

31. As a direct and proximate result of Defendants' willful violations, Plaintiff has suffered actual damages and is entitled to statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants on all causes of action;

B. Award Plaintiff actual damages in an amount to be determined at trial;

C. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n in the amount of not less than $100 nor more than $1,000 per violation for each Defendant's willful violations;

D. Award Plaintiff punitive damages in an amount sufficient to deter similar conduct;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n and § 1681o;

F. Order Defendants to correct Plaintiff's credit reports by removing all inaccurate information;

G. Order Defendants to implement procedures to prevent future similar violations;

H. Grant such other and further relief as this Court deems just and proper.

<div style="margin-left:3em">

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

</div>

September 30, 2025

ELECTRONICALLY FILED - 2025 Oct 01 10:19 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006787

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

NYDIA IVETTE DEPAZ,

                  Plaintiff,

   Vs.

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES, LLC, and TRANS UNION LLC,
                Defendants.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

Case No. 2025-CP-40-06787

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that

on **October 2, 2025**, I served the foregoing **Summons & Complaint**, by sending a copy of same

by United States Mail, Certified, Return Receipt Requested to the following:

The Prentice-Hall Corporation System, Inc.
508 Meeting Street
West Columbia, SC 29169
*(on behalf of Trans Union LLC)*

Corporation Service Company
508 Meeting Street
West Columbia, SC 29169
*(on behalf of Equifax Information Services,
LLC)*

CT Corporation System
2 Office Park Court Ste. 103
Columbia, SC 29223
*(on behalf of Experian Information Solutions,
Inc.)*

s/ David A. Maxfield

_____

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: October 2, 2025